[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR PERMISSION TO IMPLEAD THIRD PARTY DEFENDANT(FILE #103)
Plaintiff, on August 8, 1996, filed a two-count complaint against the defendants Otis Elevator Company and Schindler Elevator Corporation. The complaint alleges that plaintiff sustained injuries as a result of inhaling fumes from cleaning chemicals utilized by defendants while servicing an elevator at plaintiff's place of employment. It is alleged that plaintiff's injuries were the result of defendants' negligence.
On September 20, 1996, Schindler filed the subject motion for permission to implead Belzona American, the manufacturer of the cleaning chemicals. The motion was not acted upon.
On September 25, 1996, Schindler filed an apportionment complaint against Belzona pursuant to General Statute Sections52-102b and 52-572h. Shortly thereafter, an attorney appeared on behalf of Belzona and filed an answer and special defenses to the apportionment complaint.
Schindler reclaimed, on or about December 20, 1996, its September 20, 1996 motion for permission to implead Belzona pursuant to General Statutes Section 52-102a and Practice Book Section 117. Both the impleader statute and the Practice Book CT Page 2739 rule provide that a defendant in any civil action may move for permission, as a third-party plaintiff, to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The apportionment statute, Section 52-102b, states: "[t]he person upon whom the apportionment complaint is served . . . called the apportionment defendant, shall be a partyfor all purposes, including all purposes under Section 52-572h." (Emphasis added).
As Belzona is currently a party to this action for allpurposes, it does not appear that impleader of that corporate entity is permissible under the language of General Statutes Section 52-102a and Practice Book Section 117.
For the reasons stated, permission to implead Belzona as a third-party defendant is denied.
Mulcahy, J.